Mark S. Askanas (State Bar No. 122745)
Dylan B. Carp (State Bar No. 196846)
Amy P. Frenzen (State Bar No. 245368)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111-4615
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
E-mail: Mark.Askanas@jacksonlewis.com
E-mail: Dylan.Carp@jacksonlewis.com
E-mail: Amy.Frenzen@jacksonlewis.com

Attorneys for Defendant
CALIX, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| TRACY HANKINS,<br><br>                        Plaintiff,<br><br>            vs.<br><br>CALIX INC. and DOES 1-25,<br><br>                        Defendants, | Case No. 5:19-cv-07547-SVK<br><br>**DEFENDANT CALIX, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed:    11/15/2019<br>Trial Date:         None |

Defendant CALIX, INC. ("Defendant"), by and through its counsel of record, hereby answers the Complaint filed by Plaintiff TRACY HANKINS ("Plaintiff"). All allegations not specifically admitted in this Answer are denied. For its Answer, Defendant admits, denies, and alleges as follows:

**INTRODUCTION**

1. Answering Paragraph 1 of the Complaint, Defendant admits that Plaintiff has been employed at Calix since March 2017 as a Cloud Solutions Specialist in Calix's Cloud Solutions Group. Defendant further admits that Plaintiff received her Right-To-Sue letter from the EEOC in August 2019. Except as expressly admitted herein, Defendant denies the remaining allegations.

///

2. Answering paragraph 2 of the Complaint, Defendant denies each and every allegation contained therein.

3. Answering Paragraph 3 of the Complaint, Defendant admits that Plaintiff has been employed at Calix since March 2017 as a Cloud Solutions Specialist in Calix's Cloud Solutions Group. Defendant further admits that Plaintiff is an African American woman, she was the only woman in the Cloud Sales organization between her date of hire through the date she went out on leave, and she reported to S. Eyre through April 30, 2018. Defendant further denies S. Eyre made the statement attributed to him in Paragraph 3. Except as expressly admitted or denied herein, Defendant lacks information and belief as to the remaining allegations in Paragraph 3, and, on that basis, denies the remaining allegations in Paragraph 3.

4. Answering Paragraph 4 of the Complaint, Defendant admits that Bob Carrick began to work for Calix in or around October 2017, but denies that he was hired into the same role as Plaintiff or that he was promoted into a senior role after less than a month at Calix. Except as expressly admitted or denied herein, Defendant lacks information and belief as to the remaining allegations in Paragraph 4, and, on that basis, denies the remaining allegations in Paragraph 4.

5. Answering Paragraph 5 of the Complaint, Defendant admits Plaintiff attended a convention in Las Vegas, Nevada on or around October 31, 2017. Except as expressly admitted herein, Defendant lacks information and belief as to the remaining allegations contained therein, and, on that basis, denies the allegations in Paragraph 5.

6. Answering Paragraph 6 of the Complaint, Defendant lacks information and belief as to the allegations contained therein, and, on that basis, denies the allegations in Paragraph 6.

7. Answering Paragraph 7 of the Complaint, Defendant lacks information and belief as to the allegations contained therein, and, on that basis, denies the allegations in Paragraph 7.

8. Answering Paragraph 8 of the Complaint, Defendant admits that Calix held an annual sales meeting in San Francisco in January 2018. Defendant further admits that Chief Marketing officer Matt Collins made certain remarks at this meeting that were ill-advised and not sanctioned by Defendant, and subsequently Mr. Collins and Defendant promptly issued apologies. Except as expressly admitted herein, Defendant lacks information and belief as to the remaining allegations

1 | contained therein, and, on that basis, denies the allegations in Paragraph 8.

2 | 9.     Answering Paragraph 9 of the Complaint, Defendant lacks information and belief as to the allegations contained therein, and, on that basis, denies the allegations in Paragraph 9.

10.    Answering Paragraph 10 of the Complaint, Defendant admits that Plaintiff reported that she suffered a stroke, and is currently on leave. Except as expressly admitted herein, Defendant lacks information and belief as to the remaining allegations in Paragraph 10, and, on that basis, denies the allegations in Paragraph 10.

11.    Answering Paragraph 11 of the Complaint, Defendant admits Plaintiff remains on leave of absence. Except as expressly admitted herein, Defendant lacks information and belief as to the remaining allegations in Paragraph 11, and, on that basis, denies the allegations in Paragraph 11.

## INTRADISTRICT ASSIGNMENT

12.    Answering Paragraph 12 of the Complaint, Defendant admits that its headquarters are in San Jose, California. Defendant denies Plaintiff's characterization of decisions made by company executives as illegal. Except as expressly admitted or denied herein, Defendant lacks information and belief as to the remaining allegations in Paragraph 12, and, on that basis, denies the allegations in Paragraph 12.

## PARTIES

13.    Answering Paragraph 13 of the Complaint, Defendant admits the allegations contained therein.

14.    Answering Paragraph 14 of the Complaint, Defendant admits the allegations contained therein.

## JURISDICTION AND VENUE

15.    Answering Paragraph 15 of the Complaint, the allegations in this paragraph are statements or conclusions of law that require no response under the Federal Rules of Civil Procedure.

16.    Answering Paragraph 16 of the Complaint, the allegations in this paragraph are statements or conclusions of law that require no response under the Federal Rules of Civil Procedure.

///

///

## BACKGROUND

17. Answering Paragraph 17 of the Complaint, Defendant admits the allegations contained therein.

## FACTUAL ALLEGATIONS

### A. Pay Discrepancies Between Plaintiff and Other Similarly Situated Male Employees

18. Answering Paragraph 18 of the Complaint, Defendant denies the allegations contained therein.

19. Answering Paragraph 19 of the Complaint, Defendant denies the allegations contained therein.

20. Answering Paragraph 20 of the Complaint, Defendant denies any of Plaintiff's male comparators were making $220,000 per year. Defendant lacks information and belief as to the remaining allegations contained therein, and, on that basis, denies the allegations in Paragraph 20.

21. Answering Paragraph 21 of the Complaint, Defendant admits that Plaintiff had a conversation with Ms. Rebekah Cremer on or around January 23, 2018, at the Calix Sales Kickoff, but denies the contents of the conversation based on a lack of information and belief. Except as expressly admitted herein, Defendant lacks information and belief as to the remaining allegations contained therein, and, on that basis, denies the remaining allegations in Paragraph 21.

### B. Plaintiff is Told That She is "Overly Aggressive"

22. Answering Paragraph 22 of the Complaint, Defendant lacks information and belief as to the allegations contained therein, and, on that basis, denies the allegations in Paragraph 22.

23. Answering Paragraph 23 of the Complaint, Defendant lacks information and belief as to the allegations contained therein, and, on that basis, denies the allegations in Paragraph 23.

24. Answering Paragraph 24 of the Complaint, Defendant lacks information and belief as to the allegations contained therein, and, on that basis, denies the allegations in Paragraph 24.

25. Answering Paragraph 25 of the Complaint, Defendant lacks information and belief as to the allegations contained therein, and, on that basis, denies the allegations in Paragraph 25.

26. Answering Paragraph 26 of the Complaint, Defendant admits that Plaintiff was copied on

an email sent by Bob Carrick dated in April 2018, but denies Plaintiff's characterization of that email. Defendant further admits that Plaintiff has been out on leave since April 2018 after she reported experiencing a stroke. Except as expressly admitted herein, Defendant lacks information and belief as to the remaining allegations contained in Paragraph 26 and, on that basis, denies them.

### C. Plaintiff Was Retaliated Against for Speaking Out About Discrimination Against Her

27. Answering Paragraph 27 of the Complaint, Defendant lacks information and belief as to the allegations contained therein, and, on that basis, denies the allegations in Paragraph 27.

28. Answering Paragraph 28 of the Complaint, Defendant admits that Plaintiff spoke with Ms. Rebekah Cremer by phone in November 2017, but denies Plaintiff's characterization of that meeting. Except as expressly admitted herein, Defendant lacks information and belief as to the remaining allegations contained in Paragraph 29 and, on that basis, denies them.

29. Answering Paragraph 29 of the Complaint, Defendant admits that Plaintiff had the one-on-one meeting with Mr. Eyre in November 2017, but deny Plaintiff's characterization of that meeting. Except as expressly admitted herein, Defendant lacks information and belief as to the remaining allegations contained in Paragraph 29 and, on that basis, denies them.

30. Answering Paragraph 30 of the Complaint, Defendant denies the allegations contained therein.

## FIRST CLAIM

### VIOLATION OF THE CALIFORNIA EQUAL PAY ACT AND TITLE VII

31. Answering Paragraph 31 of the Complaint, Defendant denies the allegations contained therein.

32. Answering Paragraph 32 of the Complaint, the allegations in this paragraph are statements or conclusions of law that require no response under the Federal Rules of Civil Procedure.

33. Answering Paragraph 33 of the Complaint, the allegations in this paragraph are statements or conclusions of law that require no response under the Federal Rules of Civil Procedure.

///

34. Answering Paragraph 34 of the Complaint, Defendant denies the allegations contained therein.

35. Answering Paragraph 35 of the Complaint, Defendant admits Plaintiff was hired on or around March 20, 2017, and denies the remaining allegations therein.

36. Answering Paragraph 36 of the Complaint, Defendant admits Derek Kiger is male and started on or around April 3, 2017. Defendant lacks information and belief as to the remaining allegations contained therein, and, on that basis, denies the allegations in Paragraph 36.

37. Answering Paragraph 37 of the Complaint, Defendant admits Eric Mal is male and started on or around September 27, 2017. Defendant lacks information and belief as to the remaining allegations contained therein, and, on that basis, denies the allegations in Paragraph 37.

38. Answering Paragraph 38 of the Complaint, Defendant admits Bob Carrick is male and started on or around October 2, 2017. Defendant lacks information and belief as to the remaining allegations contained therein, and, on that basis, denies the allegations in Paragraph 38.

39. Answering Paragraph 39 of the Complaint, Defendant admits Jeff Lungren is male and started on or around January 15, 2018. Defendant lacks information and belief as to the remaining allegations contained therein, and, on that basis, denies the allegations in Paragraph 39.

40. Answering Paragraph 40 of the Complaint, Defendant admits Sorasak Choeynim is male and started on or around December 18, 2017. Defendant lacks information and belief as to the remaining allegations contained therein, and, on that basis, denies the allegations in Paragraph 40.

41. Answering Paragraph 41 of the Complaint, Defendant denies the allegations contained therein.

## SECOND CLAIM

## GENDER/SEX DISCRIMINATION IN VIOLATION OF TITLE VII

42. Answering Paragraph 42 of the Complaint, Defendant denies the allegations contained therein.

43. Answering Paragraph 43 of the Complaint, Defendant denies the allegations contained therein.

///

44. Answering Paragraph 44 of the Complaint, Defendant denies Plaintiff's characterization of the work environment at Calix.  Defendant lacks information and belief as to the remaining allegations contained therein, and, on that basis, denies the allegations in Paragraph 44.

45. Answering Paragraph 45 of the Complaint, Defendant lacks information and belief as to the allegations contained therein, and, on that basis, denies the allegations in Paragraph 45.

46. Answering Paragraph 46 of the Complaint, Defendant lacks information and belief as to the allegations contained therein, and, on that basis, denies the allegations in Paragraph 46.

47. Answering Paragraph 47 of the Complaint, Defendant denies the allegations contained therein.

### THIRD CLAIM

### RETALIATION IN VIOLATION OF TITLE VII

48. Answering Paragraph 48 of the Complaint, Defendant denies the allegations contained therein.

49. Answering Paragraph 49 of the Complaint, Defendant denies the allegations contained therein.

50. Answering Paragraph 50 of the Complaint, Defendant denies the allegations contained therein.

51. Answering Paragraph 51 of the Complaint, Defendant denies the allegations contained therein.

### FOURTH CLAIM

### RETALIATION IN VIOLATION OF TITLE VII AND §1981

52. Answering Paragraph 52 of the Complaint, Defendant denies the allegations contained therein.

53. Answering Paragraph 53 of the Complaint, Defendant denies the allegations contained therein.

54. Answering Paragraph 54 of the Complaint, Defendant denies the allegations contained therein.

///

## FIFTH CLAIM

## RACE DISCRIMINATION IN VIOLATION OF TITLE VII AND §1981

55. Answering Paragraph 55 of the Complaint, Defendant denies the allegations contained therein.

56. Answering Paragraph 56 of the Complaint, Defendant admits Plaintiff is a member of a protected class. Except as expressly admitted herein, Defendant denies the allegations contained therein.

57. Answering Paragraph 57 of the Complaint, Defendant denies the allegations contained therein.

## SIXTH CLAIM

## DISABILITY DISCRIMINATION

58. Answering Paragraph 58 of the Complaint, Defendant denies the allegations contained therein.

59. Answering Paragraph 59 of the Complaint, Defendant admits that Plaintiff reported suffering a stroke in 2017. Except as expressly admitted herein, Defendant denies the allegations contained therein.

60. Answering Paragraph 60 of the Complaint, Defendant denies the allegations contained therein.

61. Answering Paragraph 61 of the Complaint, Defendant denies the allegations contained therein.

62. Answering Paragraph 62 of the Complaint, Defendant denies the allegations contained therein.

## SEVENTH CLAIM

## FAILURE TO ACCOMMODATE

63. Answering Paragraph 63 of the Complaint, Defendant denies the allegations contained therein.

///

///

64. Answering Paragraph 64 of the Complaint, Defendant admits that Plaintiff reported suffering a stroke in 2017. Except as expressly admitted herein, Defendant denies the allegations contained therein.

65. Answering Paragraph 65 of the Complaint, Defendant lacks information and belief as to the allegations contained therein, and, on that basis, denies the allegations in Paragraph 65.

66. Answering Paragraph 66 of the Complaint, Defendant denies the allegations contained therein.

67. Answering Paragraph 67 of the Complaint, Defendant denies the allegations contained therein.

68. Answering Paragraph 68 of the Complaint, Defendant denies the allegations contained therein.

## AFFIRMATIVE DEFENSES

Without admitting that it carries the burden of proof as to any of the issues raised, Defendant asserts the following separate and distinct affirmative defenses to Plaintiff's Complaint and each purported claim therein and prays for judgment as set forth below. Defendant also hereby gives notice that Defendant intends to rely upon such other and further affirmative defenses as may become available during investigation and discovery in this action. Defendant reserves the right to amend this Answer to assert any such defenses based on such investigation and discovery.

## FIRST AFFIRMATIVE DEFENSE

### Failure to State a Claim

1. Plaintiff's Complaint fails to state facts sufficient to constitute a claim against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### Statute of Limitations

2. To the extent discovery may disclose information which could serve as a basis for this defense, any recovery on Plaintiff's Complaint is barred by the applicable statutes of limitation, including but not limited to 42 U.S.C. §2000e-5(f)(1), 42 U.S.C. §12117, 28 U.S.C. §1658(a), 29 U.S.C. §255(a), and Cal. Labor Code §1197.5(i).

## THIRD AFFIRMATIVE DEFENSE

### Failure to Exhaust Administrative Remedies

3. Plaintiff's claims are barred in whole or in part to the extent she failed to exhaust her administrative remedies before the Equal Employment Opportunity Commission prior to initiating this litigation.

## FOURTH AFFIRMATIVE DEFENSE

### Laches/Unclean Hands

4. Plaintiff's Complaint and each claim therein is barred, in whole or in part, by the equitable doctrine of laches and the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### Waiver

5. Plaintiff's Complaint and each claim therein is barred, in whole or in part, by the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

### Consent/Estoppel

6. Plaintiff's Complaint and each claim therein is barred, in whole or in part, by the doctrines of consent and/or estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

### Failure to Mitigate

7. To the extent discovery may disclose a factual basis for this defense, Plaintiff is barred from recovering any damages, or any recovery must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate her alleged damages.

## EIGHTH AFFIRMATIVE DEFENSE

### Punitive Damages Violate Constitutional Rights

8. Plaintiff is not entitled to recover punitive or exemplary damages from Defendant on the ground that any award of punitive or exemplary damages violates Defendant's constitutional rights under the provisions of the United States and California Constitutions, Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution and the excessive fines

and the cruel and unusual punishment clauses of the Eighth Amendment of the United States Constitution as well as the due process and excessive fines clauses contained in the California Constitution.

**NINTH AFFIRMATIVE DEFENSE**

**Legitimate, Non-Retaliatory Reasons**

9. Any recovery on Plaintiff's Complaint or any of the claims therein is barred on grounds that Defendant's actions towards Plaintiff were taken for legitimate, non-retaliatory reasons.

**TENTH AFFIRMATIVE DEFENSE**

**After-Acquired Evidence**

10. Plaintiff's claims for damages are barred, in whole or in part, to the extent the doctrine of after-acquired evidence applies and thereby limits or reduces Plaintiff's alleged damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

**Intervening, Superseding, and/or Independent Factors**

11. Defendant alleges that if Plaintiff suffered any damage, including, but not limited to, emotional distress, such damage was caused by intervening, superseding, and/or independent factors unrelated to any alleged conduct of Defendant.

**TWELFTH AFFIRMATIVE DEFENSE**

**Proximate Cause**

12. Any recovery on Plaintiff's Complaint, and each purported claim for relief alleged therein, is barred, in whole or in part, because injuries that Plaintiff alleges in her Complaint, and in each and every purported claim for relief alleged therein, if they exist at all, resulted from a cause not proximately caused by or related to any act or omission by Defendant.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**Workers' Compensation Preemption**

13. Plaintiff's Complaint and each cause of action therein is barred to the extent that Plaintiff suffered any damage as a result of the conduct alleged in the Complaint, and Plaintiff's

exclusive remedy for such damages is governed by the California Workers' Compensation Act. Cal. Lab. Code §§ 3200, *et seq.*

## FOURTEENTH AFFIRMATIVE DEFENSE
### Same Decision and Mixed-Motive Defense

14.     Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, is barred, in whole or in part, because, even assuming arguendo that Defendant's actions were motivated in part by a discriminatory, retaliatory, or any other improper reason (which Defendant unequivocally denies), Defendant would have made the same alleged employment decisions and taken the same action(s) toward Plaintiff in any case for legitimate, non-discriminatory, and non-retaliatory business reasons. Specifically, Plaintiff's protected classification into which she allegedly falls or protected activity in which she allegedly engaged, was not, either individually or collectively, substantial motivating factors in Defendant's actions toward Plaintiff.

## FIFTEENTH AFFIRMATIVE DEFENSE
### Internal Remedies

15.     Plaintiff's Complaint and each alleged cause of action are barred in whole or in part because Defendant had in place internal complaint policies and procedures, including policies and procedures prohibiting unlawful discrimination and retaliation and, upon information and belief, Plaintiff failed to avail herself of available internal remedies before bringing this lawsuit.

## SIXTEENTH AFFIRMATIVE DEFENSE
### Privileged, Good Faith, and Justified Conduct

16.     Any recovery on Plaintiff's Complaint is barred, in whole or in part, because Defendant's conduct was privileged and/or justified under California law and occurred in good faith based upon good cause and for legitimate business reasons.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### Managerial Immunity

17.     Any recovery for injuries Plaintiff allegedly sustained as a result of any action by a management employee of Defendant is barred by the doctrine of managerial immunity.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### Legitimate Business Justification

18. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because, assuming *arguendo* that discriminatory, harassing or retaliatory reasons had been a motivating factor in any employment decisions toward Plaintiff, Defendant would have made the same employment decisions toward Plaintiff in any case for legitimate, non-discriminatory or non-retaliatory business reasons.

### NINETEENTH AFFIRMATIVE DEFENSE

### Failure to Perform Responsibilities

19. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred by Plaintiff's failure to satisfactorily perform her job responsibilities and otherwise conduct herself in accordance with the standards and policies of Defendant.

### TWENTIETH AFFIRMATIVE DEFENSE

### Contributory Fault

20. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part by Plaintiff's own contributory or comparative fault.  The liability of Defendant and responsible parties named or unnamed, if any, for any injury, damage, or loss sustained by Plaintiff should be apportioned according to their respective degree of fault, and the liability if any, of Defendant should be reduced accordingly.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### Failure to Participate in Interactive Process

21. Plaintiff's Seventh Cause of Action for failure to accommodate is barred because Plaintiff failed to participate in the interactive process which broke down through no fault of Defendant.

///

///

///

///

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### Undue Hardship

22. Plaintiff's Seventh Cause of Action is barred to the extent the desired accommodation sought by the Plaintiff would impose an undue hardship on Defendant's business operations.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### Health/Safety Threat

23. Plaintiff's Seventh Cause of Action is barred in whole or in part because providing an accommodation to Plaintiff would result in a direct threat to the health or safety of herself or others in the workplace.

## RESERVATION OF RIGHTS

Defendant reserves the right to assert any additional defenses at trial. Defendant lacks sufficient information to form a belief as to whether Defendant has additional, as yet unstated, affirmative defenses. Defendant reserves the right to assert such defenses in the event that discovery indicates additional defenses are appropriate.

## PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1. For entry of judgment in favor of Defendant and against Plaintiff;
2. That Plaintiff take nothing by way of the Complaint;
3. For cost of suit and for reasonable attorneys' fees incurred by Defendant; and
4. For any further relief as the Court deems just and proper.

Dated: February 18, 2020                                    JACKSON LEWIS P.C.

By:  /s/ Dylan B. Carp
Mark S. Askanas
Dylan B. Carp
Amy P. Frenzen
Attorneys for Defendant
CALIX, INC.

4818-1102-2258