Richard A. Hoyer (State Bar No. 151931)
rhoyer@hoyerlaw.com
Ryan L. Hicks (State Bar No. 260284)
rhicks@hoyerlaw.com
Nicole B. Gage (State Bar No. 318005)
ngage@hoyerlaw.com
HOYER & HICKS
4 Embarcadero Center, Suite 1400
San Francisco, California 94111
Telephone:  (415) 766-3539
Facsimile:  (415) 276-1738

Attorneys for Plaintiff
TRACY HANKINS

Michael A. Laurenson (State Bar No. 190023)
Brad M. Weintraub (State Bar No. 299298)
GORDON REES SCULLY MANSUKHANI, LLP
111 Broadway, Suite 1700
Oakland, CA 94607
Telephone:  (510) 463-8668
Facsimile:  (510) 984-1721
E-mail:  mlaurenson@grsm.com
E-mail:  bweintraub@grsm.com

Attorneys for Defendant
CALIX, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| TRACY HANKINS,<br><br>            Plaintiff,<br><br>vs.<br><br>CALIX INC. and DOES 1-25,<br><br>            Defendants, | Case No. 5:19-cv-07547-SVK<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:      November 10, 2020<br>Time:      9:30 a.m.<br>Ctrm.:     6, 4th Floor<br>Judge:     Hon. Susan Van Keulen<br><br>Complaint Filed:   11/15/2019<br>Trial Date:             05/03/2021 |

Under Federal Rule of Civil Procedure 26(f) and Civil Local Rule 16-3, counsel for each party attended a telephonic Case Planning Conference. In accordance with the Standing Order for All Judges of the Northern District of California, the parties submit the following joint case management conference statement.

**1. JURISDICTION AND SERVICE**

The Court has original federal question jurisdiction under 28 U.S.C. § 1331 as Plaintiff is asserting claims invoking the Federal Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, and the Americans with Disabilities Act, 42 U.S.C. § 12112(a). The Court has supplemental jurisdiction over the related state claim pursuant to 20 U.S.C. § 1367. The parties also do not dispute that this Court has personal jurisdiction over the parties or that venue in this Court is proper.

All parties have been served.

**2. FACTS**

    **A. Plaintiff's Facts**

Plaintiff is an African-American woman who is been employed by defendant since March, 2017. Almost from the start, she was subjected to a discriminatory hostile work environment both sexually and racially, with repeated references by management to "pussies" and "shit-hole countries." She was told how to "wear a nice dress and heels" and asked if she would be a "one-night stand" by her superiors, white males.

She was told she was "overly-aggressive" and that would have been okay if she were a white male.

Plaintiff was underpaid compared to her white male counterparts by 45% despite generating more than half of her team's sales. A lesser qualified white male was promoted over her and given accounts that she had worked to land. She was praised for developing innovative concepts and then told that the company was transferring the concept and her account to another white male, literally that they were "stealing her thunder."

When Plaintiff complained of unequal treatment even more accounts and territory were given to lesser qualified white males.

Due to the stress of the discrimination and retaliation plaintiff suffered a stroke and went on disability leave. When she had recovered sufficiently to work part time, the company refused to put her back to work.

### B. Defendant's Facts

Defendant Calix, Inc. is a global provider of software and cloud-based software platforms, systems and services that its telecommunications customers deploy across their networks to provide broadband services to subscribers. Calix is a publicly held company headquartered in San Jose, California with offices in Petaluma, California, Richardson, Texas and Nanjing, China, among other locations around the world.

Plaintiff Tracy Hankins has been employed since March 2017 as a Cloud Solutions Specialist in Calix's Cloud Solutions group responsible for selling Calix's Cloud Solutions, primarily Calix Marketing Cloud. Hankins was the first person hired by Stephen Eyre, who at the time was Calix's Area Vice President for Cloud and Smart Home Solutions. At the time Hankins was hired, Calix was just launching its cloud solutions. The Department has since grown to seventeen employees with ten in the role of Cloud Solutions Specialist. Eyre was Hankins' direct supervisor from her date of hire through the start of her medical leave in April 2018.

As the first Cloud Solution Specialist hired by Eyre to support Calix's initial launch of cloud solutions, Hankins worked on all accounts nationwide under Eyre's supervision. As Calix focused on growing its customers and prospects for the Cloud and Smart Home Solutions, additional Cloud Solution Specialists throughout the United States and Canada were hired into the Cloud and Smart Home Solutions Department to enable coverage of more customers and prospects in more markets, the customers and associated geographic territories were allocated among these new hires. However, the growth of the team, and the resulting distribution of accounts, did not impact Hankins' expected payout.

There is no evidence that Hankins complained of disparate racial and gender treatment to anyone at Calix, including her direct supervisor or members of Calix's Talent and Culture department. Calix's records refute Hankins' claims that she was paid less than similarly situated

male Cloud Solution Specialists.  Calix has also been unable to corroborate Hankins' claims of disparate treatment based on her race or sex, or that she was subjected to racist or sexist comments.

Hankins has been on leave since April 16, 2018 for personal health related reasons, and has not been released to return to work.  Calix has accommodated all of Hankins' requests for time off so that she may attend to her health issues.

**3.   LEGAL ISSUES**

  **A.   Plaintiff's Key Legal Issues**

Plaintiff does not identify any legal issues that require court resolution at this time.

  **B.   Defendant's Key Legal Issues**

Defendant does not identify any key legal issues.

**4.   MOTIONS**

Both parties anticipate filing motions for summary judgement according to applicable deadlines.

**5.   AMENDMENT OF PLEADINGS**

Plaintiff does not anticipate amending her Complaint.

**6.   EVIDENCE PRESERVATION**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred regarding the topics set forth in the Northern District of California's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information.  The parties have taken all reasonable steps to preserve evidence potentially relevant to this matter and will continue to comply with their preservation obligations.

**7.   INITIAL DISCLOSURES**

The parties agree that this is an employment dispute falling under the purview of the Pilot Program for Initial Discovery Protocols for Employment Cases Alleging Adverse Action (General Order No. 71).  The parties have made their initial disclosures and document productions in accordance with the Initial Discovery Protocols.

**8.   DISCOVERY**

Plaintiff and Defendant have propounded and responded to written discovery requests and

taken key depositions in preparation for mediation, which will take place on November 16, 2020.

**9.    CLASS ACTIONS**

This case is not a class action.

**10.   RELATED CASES**

The Parties are not currently aware of any related matters.

**11.   RELIEF**

    **A.     Plaintiff's Relief**

Plaintiff will be requesting all relief available to discrimination and retaliation victims including lost wages and benefits, emotional distress damages and reputational damages. In addition, plaintiff will be requesting attorney's fees and liquidated and punitive damages.

    **B.     Defendant's Relief**

Defendant requests that Plaintiff take nothing by this action.  Defendant also seeks to recover costs, attorneys' fees, and any other relief the Court deems appropriate.

**12.   SETTLEMENT AND ADR**

The parties have agreed to attend private mediation with David Lowe on November 16, 2020.

**13.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties have consented to the jurisdiction of a U.S. Magistrate Judge.

**14.   OTHER REFERENCES**

None.

**15.   NARROWING OF ISSUES**

None.

**16.   EXPEDITED TRIAL PROCEDURE**

It is not appropriate to handle this case on an expedited basis.

**17.   CASE SCHEDULE**

The following case schedule has been set for this case.

| | |
|---|---|
| Deadline for Fact Discovery | October 14, 2020 |
| Deadline for Expert Disclosures | November 11, 2020 |

| | |
|---|---|
| Deadline for Expert Rebuttal | November 30, 2020 |
| Deadline for Expert Discovery | December 18, 2020 |
| Deadline to File Dispositive Motions | January 15, 20201 |
| Pre-Trial Conference | April 15, 2021 |
| Trial | May 3, 2021 |

**18.   TRIAL**

The parties anticipate that trial will last approximately seven (7) to ten (10) court days. Plaintiff demands a jury trial.

**19.   DISCLOSURE OF NON-PARTY INTERESTED ENTITES OR PERSONS**

Plaintiff and Defendant have filed their disclosures of interested parties.

**20.   PROFESSIONAL CONDUCT**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.   OTHER MATTERS**

None at this time.

Dated: November 2, 2020                    HOYER & HICKS

                                           By:   /s/ Nicole B. Gage
                                                 Richard A. Hoyer
                                                 Ryan L. Hicks
                                                 Nicole B. Gage
                                                 Attorneys for Plaintiff
                                                 TRACY HANKINS

Dated: November 2, 2020                    GORDON REES SCULLY MANSUKHANI, LLP

                                           By:   /s/ Michael A. Laurenson
                                                 Michael A. Laurenson
                                                 Brad M. Weintraub
                                                 Attorneys for Defendant
                                                 CALIX, INC.